UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-00287 (TNM) |
| | : | |
| KEVIN SEEFRIED, and | : | |
| | : | |
| HUNTER SEEFRIED, | : | |
| | : | |
| Defendants. | : | |

**UNITED STATES' RESPONSE TO DEFENDANTS' MOTION
TO COMPEL DISCOVERY UNDER RULE 16 OF THE
FEDERAL RULES OF CRIMINAL PROCEDURE AND *BRADY V. MARYLAND*__**

On June 5, 2022, more than a year after charges were brought and just one week before trial is set to begin, defendant Kevin Seefried, joined by defendant Hunter Seefried, filed the present motion to compel production of a laundry list of information pertaining to unidentified individuals whom the defendants aided and abetted in obstructing an official proceeding in violation of 18 U.S.C. § 1512(c)(2) and 2.  (ECF Nos. 78, 81; June 6, 2022 Minute Order granting Hunter Seefried's motion to join Kevin Seefried's motion). The defendants have been provided with both case-specific and general Capitol Riot discovery over the course of many months, and this last-minute set of demands is unwarranted and unsupported.   Nonetheless, as set forth below, in an effort to avoid unnecessary litigation on the eve of trial, the government is working to locate and produce additional items from the specific case files that the defendants have identified.   The motion should be denied.

**INTRODUCTION**

As the Court is aware, the government has made unprecedented efforts to organize and make available to the defense a broad array of discovery in this investigation, and the Federal

Public Defender's Office has worked collaboratively with the government to establish the architecture for this process. In this case, the government has tendered substantial "case specific discovery" focused on the conduct of these defendants. The materials include FBI investigative reports, video footage obtained from the U.S. Capitol and other sources capturing the defendants inside of the U.S. Capitol on January 6, 2021, video footage showing the conduct of other rioters in their vicinity and elsewhere around the Capitol, and the defendants' own recorded statements. This is in addition to the "Global Discovery Productions" that have taken place over many months, beginning in September 2021.

The discovery produced comports with Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*, 373 U.S. 83 (1963). On the eve of trial, defendants now ask the Court to compel the government to engage in what amounts to a fishing expedition for material regarding other known and unknown individuals inside the Capitol based simply on the fact that the indictment charges that the defendants and other rioters in the Capitol aided and abetted one another on January 6, 2021. The law does not support such a demand; indeed, the government is not required to prove the identity of the individuals with whom the defendants engaged in criminal conduct. The government need only prove that the defendant knowingly and intentionally aided and abetted another person in committing the crime. Therefore, this Court should deny defendants' motion to compel.

I. **Procedural Background**

Defendants were charged by complaint on January 13, 2021, with offenses arising out of their conduct on January 6, 2021, when they, along with others, breached the U.S. Capitol building, entering through a window that Hunter Seefried helped break. (ECF No. 1.)

On April 7, 2021, the defendants were indicted and charged with violations of 18 U.S.C.

§§ 1512(c)(2) and 2 (Obstruction of an Official Proceeding and Aiding and Abetting), 18 U.S.C. §§ 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds) and (a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds) and 40 U.S.C. §§ 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building) and (e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building). For his destruction of the window, Hunter Seefried was also charged with violations of 18 U.S.C. § 1752(a)(4) (Entering an Remaining in a Restricted Building or Grounds with Physical Violence Against Property), 18 U.S.C. § 1361 (Destruction of Government Property), and 40 U.S.C. § 5104(e)(2)(F) (Act of Physical Violence in the Capitol Grounds of Buildings). (ECF No. 20.)[1]

On June 1, 2022, less than two weeks before trial, Kevin Seefried, through counsel, requested that the government "[i]dentify the individuals whom [the Government] allege[s] Mr. Kevin Seefried was aiding and abetting" and provide a long list of items regarding those individuals. (ECF No. 77.) The government responded to the defendants' filing on June 3, 2022.[2] Defendants subsequently moved to compel the Government to provide this information.

## II. The government's §§1512(c)(2) and 2 charge does not require a production of the discovery of the rioters whom the defendants are alleged to have aided and abetted on January 6, 2021.

The defendants are asking the Court to impose discovery obligations that go far beyond the scope of the government's discovery obligation, by requesting that this Court order the disclosure of the identities of all rioters who are alleged to have been aided or abetted by the defendants in

---

[1] A Superseding Indictment was filed on April 27, 2022, charging the same offenses.

[2] *See* Exhibit 1, the government's June 2, 2022, response to ECF No. 77.

the obstruction of the Congressional certification of the Electoral College vote on January 6, 2021.[3] Beyond the disclosure of the identities of these rioters, the defendants also seek reports and other documents related to these individuals' conduct. The defendants' request is unreasonable because the law does not require the government to prove the identities of the individuals who aid and abet the commission of a crime.

There is no requirement that the Government prove at trial the identity of the principal who was aided by the defendant. *See United States v. Staten*, 581 F.2d 878, 887 (D.C. Cir. 1978) ("The evidence did not, of course, conclusively single out . . . [the] captain of the enterprise, but that is beside the point. It was not essential that the principal in the operation be identified so long as someone had that status."); *see also* Pattern Criminal Jury Instructions for the District of Columbia 3.200 ("It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted in committing the crime"); Jury Instruction in *United States v. Hale-Cusanelli*, 21 Cr. 37 (TNM), Trial Transcript at 1024 (same). Thus, there is no basis to require the disclosure of such information – which is outside the scope of the extensive discovery required by Rule 16. *See United States v. Palfrey*, 499 F. Supp. 2d 34, 51-52 (D.D.C. 2007) ("[T]here is no basis for disclosure of particulars that need not be proven at trial.");. *United States v. Cummings*, 49 F.R.D. 160, 161 (S.D.N.Y. 1969) ("Since the Government is not required to prove the name and address of contemplated or prospective [drug] purchasers,

---

[3] The Government has provided extensive discovery in this case, as reflected in the regular status updates provided to the Court. The Government has complied fully with its obligations Federal Rule of Criminal Procedure 16, the Jencks act, and *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

such information need not be supplied.").

Here, there is no reason this Court should deviate from the established caselaw and require the government to disclose the identities of all of the rioters whom the defendants joined with on January 6, 2021, and to provide statements and investigative reports related to these individuals.

Following the filing of the motion to compel, the defendants expressed interest in the statements of three particular individuals who were present in the Ohio Clock Corridor at the same time as the defendants (the "Individuals"). The government has reviewed the files of these Individuals and has not located any materials that would be discoverable. Nevertheless, in response to defendants' June 7, 2022 request, the government will produce any statements made by the three Individuals that are in the government's possession.[4] The government's agreement to provide this information, however, should not be construed as the government conceding that it is required to do so in this or other cases.

---

[4] Certain of these statements have already been provided to the defendants in the government's global discovery productions.

## CONCLUSION

For the reasons described above, the government requests the Court deny the defendants' motion to compel.

                                         Respectfully submitted,

                                         MATTHEW M. GRAVES
                                         United States Attorney

By:    */s/ Brittany L. Reed*
        BRITTANY L. REED
        Assistant United States Attorney
        LA Bar No. 31299
        650 Poydras Street, Ste. 1600
        New Orleans, LA 70130
        Brittany.Reed2@usdoj.gov
        (504) 680-3031

        */s/ Benet J. Kearney*
        BENET J. KEARNEY
        Assistant United States Attorney
        NY Bar No. 4774048
        1 Saint Andrew's Plaza
        New York, New York 10007
        BKearney@usa.doj.gov
        (212) 637-2260