EXHIBIT 1



U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

---

*601 D Street, N.W.,*
*Washington, D.C.  20530*

June 2, 2022

**By E-mail**

Eugene Ohm, Esq.
eugene_ohm@fd.org

Edson A. Bostick, Esq.
eab.bosticfirm@gmail.com

          Re:    *United States v. Kevin Seefried and Hunter Seefried,*
                Case No. 21-CR-00287 (TNM)

Dear Counsel:

We write in response to your June 1, 2022 request for certain materials and information.

The Government recognizes its obligations under Federal Rules of Criminal Procedure 5(f) and 16, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and Local Criminal Rule 5.1, and has produced – and will continue to produce – all evidence consistent with those obligations.

In addition, you have requested that the Government "[i]dentify the individuals whom [the Government] allege[s] Mr. Kevin Seefried was aiding and abetting" and provide information regarding those individuals.  There is no requirement that the Government prove at trial the identity of the principal who was aided by the defendant.  *See United States v. Staten*, 581 F.2d 878, 887 (D.C. Cir. 1978) ("The evidence did not, of course, conclusively single out . . . [the] captain of the enterprise, but that is beside the point. It was not essential that the principal in the operation be identified so long as someone had that status.") *see also* Pattern Criminal Jury Instructions for the District of Columbia 3.200 ("It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted in committing the crime"); Jury Instruction in *United States v. Hale-Cusanelli*, 21 Cr. 37 (TNM), Trial Transcript at 1024 (same).  Thus, there is no basis to require the disclosure of such information – which is outside the scope of the extensive discovery required by Rule 16.  *See United States v. Palfrey*, 499 F. Supp. 2d 34, 51-52 (D.D.C. 2007) ("[T]here is no basis for disclosure of particulars that need not be proven at trial."); *United States v. Cummings*, 49 F.R.D.

1

160, 161 (S.D.N.Y. 1969) ("Since the Government is not required to prove the name and address of contemplated or prospective [drug] purchasers, such information need not be supplied.")

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:      /s/ *Benet J. Kearney*
BRITTANY L. REED
Assistant United States Attorney, Detailee
Louisiana Bar No. 31299
650 Poydras Street, Ste. 1600
New Orleans, Louisiana 70130
Brittany.Reed2@usdoj.gov
(504) 680-3031

BENET J. KEARNEY
Assistant United States Attorney, Detailee
New York Bar No. 4774048
1 Saint Andrew's Plaza
New York, New York 10007
Benet.Kearney@usdoj.gov
(212) 637- 2260